MATTER OF P——

In SECTION 249 Proceedings

A-4577395

*Decided by Regional Commissioner October 16, 1958*
*Approved by Assistant Commissioner*

Adjustment of status—Effect of absence on continuity of residence—Good moral character requirement.

(1) Applications for adjustment of status under section 249 of the 1952 act pending on August 8, 1958, will be decided under the terms of the amended statute.

(2) A temporary absence from the United States will not break the continuity of residence required by section 249, as amended. However, a departure from the United States as a result of exclusion or expulsion proceedings breaks the continuity of the alien's residence regardless of the period of time he is outside the United States.

(3) Since an applicant under section 249, as amended, is required to establish good moral character (although not for any specified period of time), the standards set forth in section 101(f) of the act will be considered along with other factors in determining whether the requirement has been met.

APPLICATION: Creation of a record of admission for permanent residence under section 249 of the Immigration and Nationality Act.

## BEFORE THE REGIONAL COMMISSIONER

Discussion: This case comes forward on appeal from the order of the District Director, Detroit, Michigan, dated July 10, 1958, denying the application on the grounds that the applicant was subject to deportation under section 241(a)(2) of the Immigration and Nationality Act for entry without inspection by reason of his entry in 1940 upon a false claim to United States citizenship, and under section 241(a)(1) of the act by reason of his excludability at time of such entry because of lack of required documents.

The application for creation of a record of admission was filed prior to the enactment of the Act of August 8, 1958 (72 Stat. 546), which amended section 249 of the Immigration and Nationality Act. The statute does not specifically provide that an application pending at time of enactment be determined in accordance with the provisions of the amended law. However, it is considered that, in the proper exercise of the discretion expressed in the present law,

all applications pending on August 8, 1958, must be determined on the basis of the standards set forth by Congress as of that date.

Applicant was born in Aberdeen, Scotland, on November 24, 1912, his parents being F——P—— and C——K——, both aliens at that time. His father died on February 21, 1917. On August 8, 1922, his mother (deceased in 1936) was married in Detroit, Michigan, to applicant's stepfather, A——B——, a native-born United States citizen. Upon her marriage, she derived United States citizenship pursuant to section 1994, Revised Statutes. Applicant was married in 1934 to a native-born United States citizen and has 4 native-born children, two of whom are presently in the United States Armed Forces.

Applicant claims that he originally entered the United States in 1920 but no record of any entry by him can be located. A record has been located indicating that applicant and his mother were debarred from entry into the United States on August 24, 1922, on the grounds that they were likely to become public charges. They were then destined to (A——B——) a friend, who is presumably applicant's stepfather to whom applicant's mother was married on August 8, 1922. There is no explanation for the mother's attempted entry as an alien rather than as a citizen, nor her intended destination to a friend rather than to her United States citizen husband. It is furthermore apparent that this debarment occurred in connection with a visit to Canada, inasmuch as a school record of the Board of Education, Grosse Pointe, Michigan, indicates that applicant attended school there from September 19, 1921, through February 21, 1926. He has established continuous residence in the United States from at least 1922 and that he was absent from the United States thereafter on only one occasion on a short trip to Canada. While there is contradictory testimony by applicant as to the date of reentry into the United States, it occurred prior to June 28, 1940.

Under the provisions of section 249, as amended, a record of lawful admission may, in the discretion of the Attorney General, be made as of the date of approval of his application or, if entry occurred prior to July 1, 1924, as of the date of such entry, in the case of any alien who makes application therefor, and who establishes that he:

(1) entered the United States prior to June 28, 1940, and no record of such entry exists;

(2) has had his residence in the United States continuously since such entry;

(3) is not inadmissible under section 212(a) insofar as it relates to criminals, procurers and other immoral persons, subversives, violators of the narcotic laws or smugglers of aliens;

(4) is not ineligible to citizenship, and

(5) is a person of good moral character.

An applicant for adjustment of status under section 249, as amended, is required by the statute to establish good moral character. This need not be established for any required period of time but the standards set forth in section 101(f) should be taken into consideration, along with other factors, in determining whether the requirement of good moral character has been met.

The applicant has established that he is not inadmissible to the United States under section 212(a) as a member of one of the classes enumerated above, that he is a person of good moral character and is not ineligible to citizenship.

The applicant alleges entry into the United States in 1920 and continuous residence here since that time. He has presented evidence to establish his claim, but he has been absent from the United States for brief periods on two occasions, one in August 1922, and again in 1940, but prior to June 28 of that year. An alien who has been absent from the United States at any time since the entry upon which his application is based may be found to have resided continuously in the United States since the date of his original entry if his absence was temporary and his principal actual dwelling place in fact remained in the United States during the entire period of his absence. However, a departure from the United States as a result of exclusion or expulsion proceedings breaks the continuity of residence for the purpose of section 249, regardless of the period of time the alien is outside the United States after such departure. Therefore, the applicant's continuous residence in the United States was broken on August 24, 1922, when he was excluded and deported.

He has established that he has subsequently resided in the United States since September 5, 1922. His temporary absence in 1940 is not considered to have broken the continuity of that residence. He has established his eligibility for the creation of a record of lawful admission under section 249, as amended, as of a date prior to July 1, 1924. The applicant has no recollection of his absence from the United States in 1922 and cannot give the date of his reentry. Therefore, a record of entry for lawful admission for permanent residence will be created as of September 5, 1922, since he has established continuous residence from at least that date.

**Order:** It is ordered that the appeal of J——C——P—— from the denial of the district director of his application for creation of a record of lawful admission for permanent residence be sustained and that a record of his lawful admission for permanent residence be created as of September 5, 1922.