**Henry GAMERO, also known as Enrique Gamero, Appellant,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, LOS ANGELES DIS-TRICT, George K. Rosenberg, as District Director, Appellees.**

**No. 20137.**

United States Court of Appeals Ninth Circuit.

Sept. 6, 1966.

Rehearing Denied Oct. 25, 1966.

John F. Sheffield, Norman B. Silver, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., Jacqueline L. Weiss, Asst. U. S. Atty., Los Angeles, Cal., for appellees.

Before CHAMBERS, JERTBERG, and ELY, Circuit Judges.

ELY, Circuit Judge:

Appellant is an alien who attacks an order of exclusion and deportation issued by a Special Inquiry Officer of the Immigration and Naturalization Service on October 4, 1961. The officer ruled that appellant, as an immigrant not in possession of a valid immigration visa, is an excludable alien under the provisions of section 212(a) (20) of the Immigration and Nationality Act of 1952, 8 U.S.C. 1182(a) (20).[1] On November 20, 1961, the Board of Immigration Appeals dismissed the alien's appeal from the ruling.

A private congressional bill, H.R. 8298, had been introduced on July 12, 1961. It would have permitted appellant to become a permanent resident of this country. That bill was defeated on July 25, 1963.

On January 30, 1964, the Board of Immigration Appeals denied a motion to reopen the exclusion proceedings, filed by appellant about three months after the defeat of his congressional bill. It was in this motion that it was first claimed by appellant that he was a legal and permanent resident of the United States.[2]

---

[1] "(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States: * * *

"(20) Except as otherwise specifically provided in this chapter, any immigrant who at the time of application for admission is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality, if such document is required under the regulations issued by the Attorney General pursuant to section 1181(e) of this title; * * *."

[2] There is no contention that appellant was denied his right to present evidence in the original hearing. When it was conducted, all facts were within the knowledge of appellant, although he was not then in possession of documentary proof of one of them.

The applicable regulation provides, "Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for

Thereafter, he filed an action for declaratory judgment in the District Court for the Southern District of California. The action was dismissed, the court holding that since appellant was detained, his remedy, if any, was habeas corpus. An application for the writ was filed. It was denied by the District Court, without a hearing, upon the conclusion that the administrative decision was supported by substantial evidence appearing in the record of the administrative hearing. This appeal followed.

The facts relating to appellant's contentions are alleged in his complaint. He was born in Durango, Mexico, on September 2, 1909. He alleges that he legally entered our country for permanent residence in November of 1916. Since September 21, 1935, he has been married to the former Isabel Martel, a legal resident of the United States. He and Isabel are the parents of one child, a son who, having been born in Los Angeles, California, on October 10, 1938, is a citizen of the United States.

In January, 1932, appellant's mother, an alien visiting in California, was admitted to the Los Angeles General Hospital for a mental illness described as dementia praecox. The following month, she was discharged from the hospital as a paroled patient. Sometime thereafter,[3] she disappeared. In 1943 information was received that a person answering her description had been seen in a mental institution in Mexico. The information led appellant to believe that his mother was existing in a deplorable environment. He met with his brothers and sisters in this country, and it was decided that he should go to Mexico City and investigate. He obtained leaves of absence from his employer and from a school he was then attending, a certification by the Immigration and Naturalization Service that he would be permitted to return to his lawful residence in the United States, and permission from the military Selective Service Board, with which he was registered, to be absent from the United States "for a few months." He departed from this country and continuously remained in Mexico for a period of more than seventeen years.

When appellant arrived in Mexico in 1943 he determined that the described woman was indeed his mother. Upon locating her, he made immediate plans to return with her to this country; however, he was advised by the American Consul in Mexico City that the mother, ineligible for an immigration visa, would not be permitted to enter and remain in the United States. She died in Mexico in 1953. Appellant then spoke to the American Consul and was told that he himself had become ineligible to return permanently to the United States. He was denied entry which he sought at San Ysidro, California, but, finally, on June 12, 1961, he was paroled into this country for a period of three days so that he might attend the funeral of his mother-in-law. He did not return to Mexico upon the expiration of the last extended time of the parole, and the exclusion proceeding was instituted.

Essentially, appellant presents two issues, (1) whether he was denied full opportunity to present evidence of eligibility for discretionary relief under sections 211(b) and 212(c) of the Immigration and Nationality Act of 1952 (8 U.S.C. §§ 1181(b), 1182(c) (1964)), and (2) whether the order denying the petition for habeas corpus was supported by substantial evidence.

Section 212(c) (8 U.S.C. § 1182(c)) provides,

"Aliens lawfully admitted for permanent residence who *temporarily* proceeded abroad voluntarily and not un-

---

such relief was fully explained to him and an opportunity to apply therefor was afforded him at the former hearing unless the relief is sought on the basis of circumstances which have arisen subsequent to the hearing. * * *" 8 C.F.R. § 3.2 (1966 rev.).

3. It is suggested in appellant's reply brief that the disappearance occurred in 1938. Other indications are that it occurred six years before, in the year of the release from the California hospital.

der an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of * * * [paragraph 212(a) (20)] of this section. Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 1181(b) of this title." (Emphasis added.)

Section 211(b) (8 U.S.C. § 1181(b)) provides,

"Notwithstanding the provisions of section 1182(a) (20) of this title, in such cases or in such classes of cases and under such conditions as may be by regulations prescribed, otherwise admissible aliens lawfully admitted for permanent residence who depart from the United States *temporarily* may be readmitted to the United States by the Attorney General in his discretion without being required to obtain a passport, immigrant visa, reentry permit or other documentation." (Emphasis added.)

■ The evidence which appellant would have introduced in a reopened hearing could not have established his eligibility for discretionary relief. In his "Reply to Rebuttal of Appellee's Rebuttal," [4] it is said,

"The Appellant at the time of his exclusion proceedings was not in possession of, nor did he have under his control, the document to prove his lawful entry and lawful residence in the United States. This document was subsequently discovered and was the basis for the Petition to Reopen and Reconsider the exclusion hearings. *This is the point which the Appellant presses on Appeal for the purpose of qualifying for the relief provided for under the law as stated * * * [8 U.S.C. §§*

1181(b), 1182(c)]." (Emphasis added.)

Had the hearing been reopened and the document received, it could have proved no more than that appellant was "an alien lawfully admitted for permanent residence." This fact was not dispositive. The District Court apparently accepted the fact that appellant had, in the beginning, been "lawfully admitted for permanent residence" within the meaning of the language in both sections. The ground for denial of the petition was, in substance, that appellant had forfeited any possible eligibility for discretionary relief by absenting himself from the United States for a period exceeding that which might be reasonably characterized as temporary. The document which he would have offered in a reopened hearing could not have affected the conclusion on the crucial point.

■ On the second issue also, we hold that appellant's contention must be rejected. We cannot say that the evidence, including proof of appellant's absence from this country and from his wife and child for a period of more than seventeen years, is insufficient to support a determination that the absence was not merely temporary.

■ It is unlikely that the word "temporarily," as employed in sections 212(c) and 211(b), is subject to inflexible definition, unvarying in application to all cases. While an attempt at precise definition of "a temporary visit" was avoided by the Second Circuit in United States ex rel. Lesto v. Day, 21 F.2d 307 (1927), the court wrote, at pages 308–309,

"Without attempting a complete definition of 'a temporary visit,' we may say that we think the intention of the departing immigrant must be to return within a period relatively short, fixed by some early event."

If, in this case, the departing appellant harbored an intent to return to the United

---

4. Unavoidably, the responsible Assistant United States Attorney was unable to appear for oral argument in our court. We granted a request that the oral presentation of appellant's counsel might be answered in writing. In turn, the appellant was granted leave to file a written reply.

States within a "relatively short" period of time, it seems clear that the Special Inquiry Officer was empowered, in the circumstances, to infer that the intent was long since abandoned.

■ We cannot torture the meaning of the word "temporarily" simply because the long absence may have been induced by a highly commendable sense of filial devotion. Cf. Rosenberg v. Fleuti, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963); Tejeda v. United States I&NS, 346 F.2d 389 (9th Cir. 1965); Toon-Ming Wong v. I&NS, 363 F.2d 234 (9th Cir. 1966).

Affirmed.