MATTER OF CONTRERAS-SOTELO

In Deportation Proceedings

A-14220640

*Decided by Board December 26, 1967*

Since the continuity of residence required by section 249 of the Immigration and Nationailty Act, as amended, is not broken by a timely voluntary departure (one made before an order of deportation became effective), even though brought about by the threat of deportation, respondent's enforced departure after the institution of deportation proceedings but before an order of deportation became effective did not break the continuity of his residence for the purposes of section 249 of the Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

ON BEHALF OF SERVICE: R. A. Vielhaber
Appellate Trial Attorney

Stephen M. Suffin
Trial Attorney
(Brief filed)

The Service appeals from the order of the special inquiry officer granting the respondent status as a permanent resident under section 249 of the Act. Hearing will be reopened.

Respondent, a 34-year-old divorced male, a native and citizen of Mexico, entered in October 1957 by falsely claiming to be a United States citizen. Previous to this entry, the Service had compelled him to depart. He left without an order of deportation (August 14, 1957). The special inquiry officer found that the respondent had resided in the United States since he had been brought as an infant in February 1933. Respondent's long residence persuaded the special inquiry officer to grant relief although he has an arrest record for drunkenness.

The Service contends that respondent failed to establish that he is eligible for relief, that he is of good moral character or that he merited relief as a matter of discretion.

In opposition to the appeal, respondent asked that he be permitted to remain in the United States. He stated that he is residing with his

596

wife, that she has not received a final divorce from him, that it would be hard for him to go to Mexico where he has never lived, and that he is performing a useful function as a forest fire fighter.

The Service advances three contentions about respondent's residence. The Service believes that the continuity of residence required by section 249[1] must be considered broken by his voluntary departure on August 14, 1957 after deportation proceedings. The contention must be rejected. It is based upon what appears to us the faulty analogy of a departure which was the result of a deportation proceeding but was not made while an *order of deportation was in effect*[2] to a departure under an order of deportation (which does terminate residence (*Mrvica v. Esperdy*, 376 U.S. 560)). The difference between the two situations is considerable. A deportee who has not received permission to return is ineligible for a visa and commits a felony upon his return; the qualified alien who made a timely voluntary departure can return for either temporary or permanent residence without permission. In view of the difference in the two situations, we see no reason to apply the *Mrvica* rule to one who made a timely voluntary departure. We conclude that the continuity of domestic residence required by section 249 is not broken by a timely voluntary departure; even one brought about by the threat of deportation.

The same conclusion was reached in *Matter of Young*, Int. Dec. No. 1429, where the alien made a timely voluntary departure under a grant of voluntary departure made in deportation proceedings. The cases cited by the Sevice are distinguishable. In *Mrvica v. Esperdy*, *supra*, the alien was deported. He "was not intended to be readmitted as a resident" (at p. 567). The Court refused to consider what the situation might have been "in the absence of a valid deportation" (at p. 567). *Matter of Iqal*, 10 I. & N. Dec. 460, and *Matter of P—*, 8 I. & N. Dec. 167, involved aliens who were excluded and deported. *Matter of Morcos*, Int. Dec. No. 1624, involved an alien who, removed from the United States under section 23 of the Immigration Act of February 5, 1917, was ineligible to reenter without special permission. The removal may, therefore, be considered in the nature of a deportation. *Matter of Morcos*, A–17519477, A–17519478, BIA, September 29, 1967, cited by

---

[1] Section 249(b) of the Act provides the alien must establish he "has had his residence in the United States continuously since such entry [since prior to June 30, 1948]; . . ."

[2] Respondent's departure in 1947 is not considered a deportation. The regulations provide that one who made a timely voluntary departure under a grant of voluntary departure which contained a proviso requiring his deportation for failure to depart timely "shall not be considered to have been deported" (8 CFR 243.5). (By a timely departure we mean one made before an order of deportation became effective.)

the Service, is not apposite. Morcos, seeking a preference quota status for his wife and daughter, had to establish that he was an alien lawfully admitted for permanent residence. An order of deportation was outstanding in his case. We held that he could no longer be considered a lawful permanent resident for this reason. We are not confronted with a similar situation here.

The Service contends that for a period before and after June 30, 1945 respondent was a minor so that wherever may have been the place he was physically present, he must be considered as a resident of Mexico since his father during all this time had his principal residence in Mexico. The Service relies on *Matter of Bauer*, 10 I. & N. Dec. 304. The contention is not sound. In *Bauer*, the issue was whether a minor who left the United States with his parents for a temporary foreign sojourn made an "entry" upon his return to the United States. The question of "entry" is not involved here as to his original entry about 1933, for as to it the "definition of the term 'entry' eliminates the question of voluntariness" (*Matter of Bauer, supra*, at p. 308). The question is here as to where respondent's principal, actual dwelling place in fact was during the necessary period.

The third point as to residence made by the Service is one of fact. It is that respondent has failed to establish he was actually physically present in the United States for the necessary period. This issue was not made at the hearing. We shall reopen the hearing so the Service may make its case and respondent have an opportunity to answer it. At the reopened hearing, the Service may also present its contentions concerning respondent's good moral character.

**ORDER:** It is ordered that the special inquiry officer's order of July 17, 1967 be and the same is hereby withdrawn.

*It is further ordered* that proceedings be reopened for action consistent with our decision.