MATTER OF THOMOPOULOS

In Section 223 Proceedings

A-30519762

*Decided by Acting Regional Commissioner September 26, 1975*

(1) In determining whether an applicant for a reentry permit under section 223 of the Immigration and Nationality Act intends to depart temporarily from the United States, the following factors serve as a reliable indication of intent: the duration of the applicant's absence; the motive for departure; the location of applicant's job, family ties, and property holdings; and the date of the intended return.

(2) Application for a reentry permit is denied in the instant case since applicant's departure from the United States is not deemed to be for the purpose of making a temporary visit abroad but rather for the purpose of returning to his domicile in Greece. At the time of his departure, applicant left nothing in the United States and was returning to his family, his farm, and to a job he was holding in Greece in addition to his farming responsibilities.

This case is before the Regional Commissioner on appeal from the decision of the district director, Los Angeles, who found that the applicant's absence from the United States is not of a temporary nature, and that his actual dwelling place is in fact Greece and not the United States.

The applicant is a 46-year-old married male, native and citizen of Greece. His wife and two minor children are natives and residents of Greece. He was originally admitted to the United States as a lawful permanent resident on June 22, 1970, in fifth preference classification, based on an approved visa petition filed by his United States citizen brother. He worked in the United States for one year and then returned to his family in Greece. Prior to leaving the United States, he made application for a reentry permit. The reentry permit was issued to expire on July 21, 1972, and was forwarded to the American Embassy in Athens for delivery. It was extended until July 20, 1973. The applicant next returned to the United States approximately July 16, 1973, and made the application now before us for consideration. He directed that the reentry permit be sent to the American Embassy in Athens for delivery, and he then returned to Greece in August 1973.

The applicant stated in his first application for a reentry permit that he was going abroad to take care of personal business and to "bring his family." In the application to extend that permit, he stated that he wished

to remain in Greece to liquidate property and to have his children complete the 1972-1973 school year. In the August 1973 application before us, he states that he intends to stay abroad for two years for business, and to complete his children's education. In a letter contained in the file, the applicant states that he needs the reentry permit because he does not want to leave his land in Greece untilled and because he has a job there and owes certain obligations to his employers. On appeal, applicant states that his return to the United States has been delayed by the death. of his father. However, he furnishes no details regarding when the death occurred or why it affected his return to this country.

Section 223 of the Immigration and Nationality Act, in pertinent part, provides that an alien lawfully admitted to the United States for permanent residence, who intends to depart temporarily from the United States, may make application to the Attorney General for a permit to reenter, and if it is found that he was lawfully admitted for permanent residence and that he desires to visit abroad and return to the United States to resume the status existing at the time of his departure for such visit, the Attorney General may in his discretion issue the permit which shall be valid for not more than one year from date of issuance. It is provided that the Attorney General may, in his discretion, extend the reentry permit for a period or periods not to exceed one year in the aggregate.

It is agreed that the applicant had been legally admitted to the United States for permanent residence. The question of whether the applicant intended to depart temporarily from the United States when the instant application was filed must be resolved.

The duration of the absence must be considered in determining whether it can be deemed temporary, and the word "temporary" cannot be used to describe a long absence, although it may have been induced by a highly commendable sense of filial duty, *Gamero v. INS*, 367 F.2d 123 (C.A. 9, 1966). The motive for the alien's departure from the United States, the location of his job, family ties and property holdings are all to be considered in determing whether an absence from the United States is temporary, *Santos v. INS*, 421 F.2d 1303 (C.A. 9, 1970). In defining a "temporary visit" the intention of the departing immigrant must be to return within a period relatively short, fixed by some early event. Also, the intention of the alien with respect to the location of his actual home must be considered, U. S. ex rel. *Lesto v. Day*, 21 F.2d 307 (C.A. 2, 1927). Where an alien leaves the United States with no definite intention either of staying away permanently or returning, the stay abroad would not be a "temporary visit," United States ex rel. *Alther v. McCandless*, 46 F.2d 288 (C.A. 3, 1931). In cases of prolonged absences from the United States, some aliens have been able to establish to the satisfaction of the Attorney General that their absence was caused by circumstances over

which they had no control and which continued for a longer period than anticipated. However, in the absence of an actual admission of abandonment of residence, the circumstances and actions as discussed in the aforementioned cases serve as the most reliable indication of intent.

In the instant case, the applicant was admitted to the United States as an immigrant in 1970. After one year, he made application for a permit to reenter the United States, and returned to Greece. He stated that he was returning to take care of personal business and to bring back his family. In Greece the reentry permit was extended until July 20, 1973, on his claim of need to liquidate property in Greece and permit his children to complete the school year. Prior to the expiration of that reentry permit, the applicant came to the United States, made the instant application for another reentry permit, and returned to Greece all within a month. He left instructions that the permit was to be forwarded to Greece for delivery. He stated that he wanted to remain abroad for business and to complete his children's education. At the time of his last departure from the United States, the applicant was returning to his family, his farm, and to a job he was holding in addition to his farming responsibilities. He was definitely not leaving to return to this country within a relatively short period fixed by some early event, *Lesto v. Day*, supra. He left nothing in the United States and had no contact with this country other than filing Federal Income Tax returns as a nonresident alien at the American Embassy in Athens, Greece, for the years 1971, 1972, and 1973. The record contains copies of the three returns furnished as the result of a request by the Service dated December 21, 1973. Each return is dated as having been filed on March 20, 1974.

The entire record in this case has been carefully considered. The applicant's departure from the United States cannot be deemed as being for the purpose of making a temporary visit abroad. The evidence substantiates the finding that the applicant departed from the United States for the purpose of returning to his domicile in Greece. It is concluded tha the district director properly denied the application, and the appeal will be dismissed.

ORDER: *It is ordered* that the appeal be dismissed.