## MATTER OF MARTINEZ

### In Exclusion Proceedings

### A–17944885

*Decided by Immigration Judge October 25, 1974*
*Affirmed by Board March 18, 1975*

Applicant had been admitted to the United States for permanent residence in 1968. Two years later, she left the United States, taking all her belongings with her and returned to her native land where she lived and worked for three years prior to this application for admission as a returning resident under section 101(a)(27)(B) of the Immigration and Nationality Act Under the circumstances presented by this case, applicant's absence was not temporary or unintentional. Therefore she was properly found excludable under section 212(a)(20) of the Act.

EXCLUDABLE: Act of 1952—Section 212(a)(20), [8 U.S.C. 1182 (a)(20)]—Immigrant—No valid immigrant visa.

ON BEHALF OF SERVICE: Jesse M. Sellers
Trial Attorney
San Antonio, Texas

### BEFORE THE IMMIGRATION JUDGE
(October 25, 1974)

This record relates to a 46-year-old single female alien, a native and citizen of Mexico who last arrived in the United States at Eagle Pass, Texas, on September 3, 1974, seeking admission as a returning resident, under Section 101(a)(27)(B) of the Act. In support of her application for admission she presented Form I–151, certifying that she had been admitted to the United States as an immigrant at Eagle Pass, Texas, on February 1, 1968. The examining officer was not satisfied that she was clearly entitled to reenter the United States because it appeared that she might come within the exclusion provisions of Section 212(a)(20) of the Act, in that she had resided outside the United States since 1970. Accordingly, she was held for a hearing before an immigration judge to determine her admissibility (Exh. 1). At a hearing in exclusion proceedings held before me on October 17, 1974, at which she waived her right to representation, it was brought out that applicant had been issued an immigrant visa by a United States Consular Officer at Monterrey, Nuevo Leon, Mexico, on January 23, 1968, and that she had been

230

admitted into the United States at Eagle Pass, Texas, on February 1, 1968, as an immigrant, upon presentation of such visa (Exh. 2).

Applicant resided in Chicago, Illinois, with her brother until November 1970, when she returned to Mexico. Her last employment in the United States was at an automobile battery manufacturing company located in Chicago, Illinois. In November 1970, approximately one month after she lost her employment, she returned to Zaragoza, Coahuila, Mexico, where she resumed her residence at 408 West Galeana Street, with her mother. She has resided in Mexico with her mother since then, returning to the United States on one occasion to visit. Applicant explained that approximately one month after she became unemployed, she packed up all her clothes and other personal belongings and returned to Mexico.

The evidence establishes that on March 16, 1973, she appeared before an official of the Civil Registry, Zaragoza, Coahuila, Mexico, and falsely registered Miguel Angel Martinez and Marta Marcela Martinez, both born in Allende, Coahuila, Mexico, on February 25, 1973, as her illegitimate children. On the date of her application for admission, she attempted to register them as lawful permanent residents, pursuant to 8 CFR 211.1, as children born abroad to a lawful permanent resident mother who was temporarily in Mexico, and who was returning to the United States to resume her actual residence in this country. During the course of the inspection it was discovered that the children were not hers and that she had been residing in Mexico since November of 1970. As a result of this development she was served with Form I-122, notifying her that she was being detained for a hearing before an immigration judge to determine her admissibility.

The issues to be resolved in this case are: (1) whether the applicant abandoned her residence in the United States upon her departure to Mexico in November 1970; (2) whether after her departure to Mexico in November 1970, she abandoned any intention she might have had to resume her residence in the United States.

A returning resident alien, as defined in Section 101(a)(27)(B) of the Act, is one who establishes upon her return to the United States:

(1) that he was in the status of one lawfully admitted for permanent residence before he left the United States;
(2) that he left the United States intending to return within a period relatively short, fixed by some early event;
(3) that he did not subsequently abandon that intention;
(4) that he is returning from a temporary visit abroad—that is, that at all times before and since his departure, his actions indicated that the United States is his true and permanent home.

The cases which have construed the phrase "temporary visit" have established several factors which must be taken into consideration.

231

First, the duration of the absence has a definite bearing on whether it can be deemed "temporary." See *Gamero v. INS*, 367 F.2d 123 (C.A. 9, 1966). Second, the location of the alien's family ties, property holdings. and job, all relate to a determination regarding the character of a visit abroad. *Santos v. INS*, 421 F.2d 1303 (C.A. 9, 1970); *Matter of Salviejo*, 13 I. & N. Dec. 557 (BIA 1970). Finally, the intention of the alien with respect to both the location of his actual home and the anticipated length of his excursion have been deemed of significance to this inquiry. *U.S. ex. rel Lesto v. Day*, 21 F.2d 307 (C.A. 2, 1927); *Matter of Montero*, 14 I. & N. Dec. 399, (BIA 1973).

In the absence of an admission of abandonment of residence, overt actions such as the nature and length of residence serve at the most reliable indicia of intent. In cases of prolonged absence from the United States some aliens have been able to establish to the satisfaction of the Attorney General that their departure and absence were occasioned by a family emergency to which they felt compelled to respond and which through no fault or act of their own, continued for a longer period than anticipated. In other cases, such as *Gamero v. INS*, supra, *Santos v. INS*, supra, and *Matter of Salviejo*, supra, the explanations for the long absence was found unacceptable.

In the instant case, the applicant cannot be viewed as returning from a temporary visit abroad. The evidence is clear that she has severed all her ties with the United States and has remained in Mexico with her mother since November of 1970. During this time she has had no employment, business connections, family, social, cultural or other associations in the United States. In addition, there is no evidence that she has an established permanent residence in the United States to which she is returning after a temporary visit abroad. The undisputed facts are that she has been residing in Mexico since November 1970; that she has been in good health during the period of time involved; that she has been gainfully employed at a motel in Zaragoza, Coahuila, Mexico, as a maid since about four or five months after her return to Mexico; that upon her return to Mexico she took all her clothes and personal belongings with her; that she has no bank account in this country; and that she has no property in the United States. I find that the totality of the evidence leads to the inescapable conclusion that she departed from the United States in November of 1970, for the purpose of resuming her residence in Mexico. In addition, the evidence clearly establishes that regardless of what her intention upon her departure in November 1970, might have been, applicant's stay in Mexico for four years cannot be deemed temporary. She is, therefore, not entitled to admission upon presentation of her alien registration receipt card. Since she does not possess or present an immigrant visa, I hold that she is excludable pursuant to Section 212(a)(20) of the Act, as an immigrant not in posses-

sion of a valid, unexpired immigrant visa or other valid entry document. Accordingly, the following order will be entered.

ORDER: It is ordered that applicant be excluded and deported from the United States.

## BEFORE THE BOARD
### (March 18, 1975)

ORDER:

PER CURIAM. The decision of the immigration judge is affirmed. The appeal accordingly is dismissed.