MATTER OF S——J——S——

## Creation of Record of Lawful Entry

### A-5859139

*Decided by Assistant Commissioner October 20, 1959*

Record of lawful entry—Section 249 of the 1952 act—Residence.

Applicant who was deported from the United States in 1945 after having entered as a crewman in 1939 and who thereafter was readmitted to the United States at various times in pursuit of his calling as a crewman held ineligible on two counts for the benefits of section 249 of the act. (1) Deportation in 1945 broke the continuity of his residence in the United States (cf. *Matter of P——*, A-4577395, Interim Decision No. 976). (2) Mere temporary admissions as a nonimmigrant crewman over a period of years do not establish continuous "residence" in the United States within the meaning of the statute.

APPLICATION: For creation of a record of lawful entry for permanent residence under the provisions of section 249 of the Immigration and Nationality Act.

## BEFORE THE ASSISTANT COMMISSIONER

**Discussion:** The applicant, a 54-year-old male, a native and citizen of China, first entered the United States on June 17, 1939, as a crewman. He remained in the United States illegally and a warrant of arrest in deportation proceedings was served on him on June 26, 1942. On February 12, 1943, the Board of Immigration Appeals ordered him deported and granted him a waiver of inadmissibility under the 9th proviso of section 3 of the Act of February 5, 1917 for entry into the United States from time to time as a *bona fide* crewman. A warrant of deportation was issued the same date and the applicant effected his own deportation by departing from the United States on September 22, 1945, as a crewman aboard the SS. *Fra Berlanga.*

Subsequently, the applicant was admitted to the United States at various times as a crewman under the provisions of section 3(5) of the Immigration Act of 1924. On July 17, 1951, he applied for suspension of deportation under the provisions of section 19(c) of the Immigration Act of February 5, 1917. It was found that he had been last admitted to the United States on June 4, 1951, at San Francisco under section 3(5) of the Immigration Act of 1924 for a period of 29 days and had remained for a longer period than per-

mitted under that section of law. A warrant of arrest in deportation proceedings was issued on September 17, 1951, but the applicant departed from the United States before service of the warrant of arrest. He filed an application for permission to reapply after arrest and deportation with the District Director at San Francisco on September 12, 1952. This application was denied on January 12, 1953, and no appeal was taken. A warrant of arrest in deportation proceedings was issued on February 9, 1954, charging that at the time of entry on January 3, 1954, the applicant was inadmissible under section 212(a)(17) of the Immigration and Nationality Act as an alien who had been arrested and deported and who had not been granted permission to reapply. He was accorded a hearing on February 10, 1954, and was granted the privilege of departing voluntarily from the United States at his own expense. He departed on March 20, 1954, as a crewman.

The applicant again made application for permission to reapply for admission after deportation and such permission was granted on June 30, 1954. An order to show cause in deportation proceedings was issued on February 17, 1958, alleging that the applicant had last been admitted as a nonimmigrant crewman at San Francisco on December 13, 1957, for a period not to exceed 29 days and that he remained in the United States for a longer period than authorized. He was accorded a hearing on February 26, 1958, and the special inquiry officer granted him the privilege of voluntary departure. Pursuant to that order he departed from the United States on March 22, 1958. The applicant is married and his wife and children reside in Yokahama, Japan.

On December 2, 1958, the instant application was filed. The applicant alleges that he has resided continuously in the United States since June 17, 1939. The application was denied by the district director on January 19, 1959, on the ground the applicant had failed to establish continuous residence in the United States since prior to June 28, 1940, in that the deportation on September 22, 1945, constituted a break in residence. That order was appealed to the Regional Commissioner at San Pedro and on April 13, 1959, the Regional Commissioner affirmed the district director's order. The case was then certified to this office.

The sole issue to be determined is whether the applicant has resided continuously in the United States since June 17, 1939. The applicant cites the decision in *Matter of M——*, 4 I. & N. Dec. 82, to establish that his deportation on September 22, 1945, did not break the continuity of his residence. That decision concerned the effect of deportation upon an alien's eligibility for relief under the 7th proviso of section 3 of the Act of February 5, 1917. The 1917 act was repealed upon enactment of the Immigration and Nation-

ality Act and section 101(a)(33) of the Immigration and Nationality Act now defines residence, for the purposes of the Act, as the principle, actual dwelling place in fact, without regard to intent. It has been held that departure from the United States as a result of exclusion or expulsion proceedings breaks the continuity of residence for the purposes of section 249 of the 1952 act (*Matter of P——, A-4577395, Interim Decision No. 976*). The applicant departed voluntarily under a warrant of deportation on September 22, 1945. Therefore, the continuity of his residence was broken.

There is an additional basis for finding that the applicant has failed to establish continuous residence in the United States since June 17, 1939. In his application form applicant does not show a place of residence in the United States from November 1945 to November 1958, and apparently relies on admissions as a crewman in pursuit of his calling to establish residence. However, in statements made before officers of this Service on September 11, 1952, May 18, 1954, and on January 15, 1958, the applicant each time stated that he entered the United States solely in pursuit of his calling and intended to reship as a crewman. In the statement made on May 18, 1954, at San Francisco he stated that he had no place to stay in San Francisco and would remain aboard the ship while it was in port. He also stated that the United States address he had given was merely a mail drop. Mere temporary admissions over a period of years as a nonimmigrant crewman cannot be used now as a basis for establishing continuous residence in the United States for the purposes of section 249 of the 1952 act.

Inasmuch as the applicant has failed to establish continuous residence in the United States since a date prior to June 28, 1940, the decision of the Regional Commissioner will be affirmed.

**Order:** It is ordered that the decision and order of the Regional Commissioner be affirmed.

---

*Editor's Note:* Motion of the subject alien for summary judgment, filed with the United States District Court for the Northern District of California, was denied by that court on March 11, 1960 (see *Sit Jay Sing* v. *Nice*, 182 F. Supp. 292).