MATTER OF YOUNG

In Deportation Proceedings

A-4139672

*Decided by Board.January 29, 1965*

Applicant's voluntary departure from the United States following the institution of, and pursuant to, deportation proceedings did not break the continuity of his residence within the purview of section 249, Immigration and Nationality Act, as amended.

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—Nonimmigrant.

Lodged: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

The case comes forward on appeal by the trial attorney from a decision of the special inquiry officer dated September 15, 1964 granting the application for adjustment of status under section 249 of the Immigration and Nationality Act.

The record relates to a native and citizen of China, 65 years old, male, widower, who last arrived in the United States at the port of New York on or about July 4, 1947 on the S.S. *Paralos* and was ordered detained and refused a landing permit. He thereafter entered the United States without inspection as an alien. Deportability solely on the lodged charge is, conceded.

The respondent has applied for an adjustment of immigrant status under section 249 of the Immigration and Nationality Act. The only requirement with which we are concerned is that the alien must have resided continuously in the United States since prior to June 28, 1940. In his Application for Adjustment of Status as a Permanent Resident (Form I-485), executed in connection with the deportation proceedings, and in his Alien Registration Form (Form AR-2) executed November 2, 1940, the respondent indicated that he had resided in the United States since 1925. The respondent has

established, on the basis of testimony and documents presented, the requisite continuous residence in the United States since prior to June 28, 1940. However the Service contends that the respondent interrupted the continuity of his residence by his voluntary departure on March 15, 1947 because this voluntary departure occurred after the institution of deportation proceedings; that any departure from the United States after deportation proceedings have been instituted breaks the continuity of residence for the purpose of section 249 relief.

The term "residence" means the place of general abode, the place of general abode of a person means his principal, actual dwelling place in fact without regard to intent.[1] The Service has commingled the definitions of "entry" and "residence" to result in the conclusion that a person whose departure is occasioned by deportation proceedings could not claim that he had not made a new "entry" into the United States. It is conceded that the respondent made a new "entry" into the United States when he entered without inspection on or about July 4, 1947 after his voluntary departure. Since section 249 of the Immigration and Nationality Act requires continuous residence in the United States since prior to June 28, 1940, it is apparent that the significant term is "residence" and that the question to be determined is whether such residence was continuous or was broken by a voluntary departure pursuant to deportation proceedings in March 1947. The respondent testified that he reshipped in France to another vessel owned by the same line at the direction of the owner of the line. He claims that when he departed in March 1947 he maintained his residence in the United States as indicated by his retention of his living quarters in the United States where he left much of his personal effects.

There appear to be no court cases directly in point. Those court cases which held that residence for the purpose of section 249 of the Immigration and Nationality Act was broken involve a departure under an order of deportation, such departure being regarded as having executed the order and warrant of deportation.[2]

There have been some administrative decisions which have dealt indirectly with the problem. In *Matter of P—*, 8 I. & N. Dec. 167, the alien alleged entry in the United States in 1920 and continuous

---

[1] Section 101(a)(33) of the Immigration and Nationality Act, 8 U.S.C. 1101 (a)(33).

[2] *Mrvica* v. *Esperdy*, 376 U.S. 560, 11 L.ed. 2d 911; *Chong* v. *Esperdy*, 191 F. Supp. 935 (S.D.N.Y., 1961); *Sit Jay Sing* v. *Nice*, 182 F. Supp. 292 (D.C., Cal. 1960) aff'd. 287 F.2d 561.

residence since that time. Evidence was presented to establish that claim and also establish that he had been absent from the United States for brief periods on two occasions, in August 1922 and again in 1940. The departure in 1922 was as the result of exclusion proceedings. It was held that an alien who has been absent from the United States at any time since the entry upon which his application is based may be found to have resided continuously in the United States since the date of his original entry if his absence was temporary and his principal actual dwelling place in fact remained in the United States during the entire period of his absence. It was further held that a departure from the United States *as a result of exclusion or expulsion proceedings* breaks the continuity of residence for the purpose of section 249, regardless of the period of time the alien is outside the United States after such departure. The underlined portion must be read in conjunction with the next sentence which indicates that the applicant's continuous residence in the United States was broken on August 24, 1922 when he was excluded and deported. Thus the holding in this case is consistent with the holding of the Supreme Court in *Mrvica* v. *Esperdy*, 376 U.S. 560.[3]

Although the residence since the critical date must be continuous, the statute does not require actual physical presence in the United States during the entire period. Temporary absence, without abandonment of residence in the United States, will not preclude establishment of the required residence. All the statute requires is that the applicant "has had his residence in the United States continuously since such entry." "Residence" is defined as "the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent."[4]

The Service suggests that the record does not clearly show whether or not the respondent was accorded the privilege of voluntary departure or left under an outstanding deportation order. A reading of the evidence clearly shows that it is conceded that he left under an order of voluntary departure. In any event, if the respondent had in fact been deported, the Service would have introduced evidence of such deportation into the record and if they should discover such evidence, it may properly be made the subject of a motion to reopen or reconsider.

It is concluded that the respondent has established continuous residence in the United States since prior to June 28, 1940. His de-

---

[3] *Matter of P—*, 8 I. & N. Dec. 167, was cited with approval in *Matter of R—*, 8 I. & N. Dec. 598, 599.

[4] Gordon and Rosenfield, *Immigration Law and Procedure* 737.

parture in 1947 was not the result of exclusion or expulsion proceedings but was voluntary. We are unable to distinguish between a voluntary departure prior to the institution of deportation proceedings and a voluntary departure subsequent to the institution of deportation proceedings. The legal effect remains the same. The respondent has established that his absence was temporary. He is not a member of the excludable classes enumerated in section 249, is not ineligible to citizenship and is a person of good moral character. He has established eligibility for the discretionary relief available under section 249 of the Immigration and Nationality Act. The order of the special inquiry officer will be affirmed.

ORDER: It is ordered that the order of the special inquiry officer dated September 15, 1964 granting the application for adjustment of status under section 249 of the Immigration and Nationality Act be affirmed.

*It is further ordered* that the appeal by the trial attorney from such decision of the special inquiry officer be and the same is hereby dismissed.

41