MATTER OF TING

In Deporlation Proceedings

A-9801237

*Decided by Board September 30, 1966*

An alien who, following his initial entry into this country as a nonimmigrant crewman in 1945, thereafter sailed continuously on vessels of American registry, entering the United States as a nonimmigrant crewman at least 33 times up to his last entry as a crewman in 1953, during which period his home port was San Francisco and his longest absence between trips was 4 months, has had his residence in the United States continuously since such entry for. the purposes of section 249, Immigration and Nationality Act, as amended. [*Matter of S—J—S—*, 8 I. & N. Dec. 463, distinguished.]

CHARGE:

Order: · Act of 1952—Section ·241(a)(2)  [8  U.S.C.  1251(a)(2)]—Nonimmigrant, remained longer.

The respondent, an unmarried male alien, 52 years of age, is a native and citizen of China. . He has been found deportable as a. nonimmigrant crewman who remained longer than permitted. An order entered by the special inquiry officer on June 17, 1966 suspended the respondent's deportation under the provisions of section 244(a)(1) of the Immigration and Nationality Act, as amended (8 U.S.C. 1254(a)(1)). The order also denied the respondent's application for the creation of a record of lawful admission for permanent residence pursuant to section 249 of the Immigration and Nationality Act, as amended (8 U.S.C. 1259). The respondent took no appeal from the decision of the special inquiry officer. The case has been certified by the special inquiry officer for final decision by the Board of Immigration Appeals on the issue of the respondent's eligibility for the creation of a record of lawful admission for permanent residence pursuant to section 249 of the Immigration and Nationality Act, as amended (*supra*).

The respondent originally arrived in the United States during the spring of 1945 as a crewman aboard a British ship. He deserted the

British ship and on April 9, 1945 signed on an American ship at the port of San Francisco. Thereafter, he sailed on American vessels continuously until his last entry on October 16, 1953. He was admitted as a crewman on this occasion and failed to depart within the 29-day limitation. Deportability on the charge stated in the order to show cause is conceded.

Section 249 of the Immigration and Nationality Act, as amended, provides in substance that the Attorney General may create a record of admission for permanent residence in the case of an alien who affirmatively establishes (a) that he entered the United States prior to June 30, 1948, (b) that he had had his residence [1] in the United States continuously since such entry, (c) that he is a person of good moral character and (d) that he is not ineligible to citizenship. The special inquiry officer finds that the respondent has affirmatively established that he is not ineligible to citizenship; that he is a person of good moral character and that he entered the United States prior to June 30, 1948. He finds the respondent ineligible for the creation of a record of lawful admission for permanent residence under section 249 of the Immigration and Nationality Act, as amended, on the ground that the respondent has not established that he has had his "residence" in the United States continuously since such entry.

The facts with regard to the issue of "residence" are not in dispute. They establish that following the respondent's original entry in 1945 he entered the United States during the next nine years at least 33 times as a nonimmigrant crewman. His longest absence between trips was approximately four months.

The respondent testified that he has considered the United States as his home since 1945. When in San Francisco, his home port, he always stayed at the same place, 848 Kearny Street. There is evidence that in the event the respondent was discharged at a port in the United States, other than San Francisco, the steamship company would provide transportation money for his return to San Francisco.

The respondent was injured in 1953 while serving on an American vessel en route to Japan. He was hospitalized in Japan and upon his recovery returned to the United States as a passenger. Although he did not work as a crewman, he was admitted on October 16, 1953, his last entry, as a crewman.

---

[1] Section 101(a)(33) of the Immigration and Nationality Act of 1952, defines the term "residence" as follows:

(33) The term "residence" means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent . . .

The special inquiry officer relying on the Assistant Commissioner's decision in *Matter of S—J—S—*, 8 I. & N. Dec. 463, 465,[2] concludes that the respondent's temporary admission as a crewman over a period of years would not support a claim of "continuous residence" in the United States for the purpose of qualifying under section 249 of the Immigration and Nationality Act, as amended. Counsel for the respondent maintains that the Assistant Commissioner's opinion does not apply in the respondent's case for the reason that the facts are distinguishable.

We agree. Sit Jay Sing originally entered the United States as a crewman in 1939. He did not depart within the 29-day limitation. A warrant for his arrest in deportation proceedings was served upon him on June 26, 1942. A hearing was accorded and on February 12, 1943 a warrant of deportation was issued. Sit Jay Sing departed foreign as a crewman aboard an American vessel on September 22, 1945. The Immigration Service noted "executed" on the warrant of deportation.

The issue before the court in the *Sit Jay Sing* case was whether the alien's departure at a time, when a warrant of deportation was outstanding against him, interrupted the continuous residence he had established in the United States since his original entry in 1939. Sit Jay Sing conceded that he "effected his own deportation" when he voluntarily departed foreign in September of 1945 at a time when a warrant of deportation was outstanding. He maintained, however, that there was no interruption in his residency in this particular instance because he departed foreign voluntarily with the permission of the Immigration Service aboard a vessel of United States registry. The court held that a departure from the United States under a warrant of deportation breaks the continuity of residence for the purpose of section 249 and the fact that the Immigration Service consented to his departure as a crewman did not lessen the force of deportation. In its discussion of whether deportation interrupts residence the court assumed that residency in the United States can be made out by an alien while aboard a vessel of United States registry (182 F. Supp. 292, 294, Note 5).

A foreign voyage by an alien seaman on a vessel of United States registry does not terminate the constitutional protection he enjoyed

*The decision of the Assistant Commissioner dated October 20, 1959 was sustained by the United States District Court for the Northern District of California, Southern Division on March 11, 1960. *Sit Jay Sing, Plaintiff* v. *H. D. Nice, District Director,* 182 F. Supp. 292, affirmed in a per curiam opinion by the Court of Appeals for the Ninth Circuit, 287 F.2d 561 (March 7, 1961).

prior to his departure. *Kwang Hai Chew* v. *Colding*, 344 U.S. 590. Applying the foregoing principle to the present case, we conclude that the respondent's service aboard a vessel of United States registry since his original entry in 1945 may be deemed as "continuous residence" in the United States for the purpose of qualifying for the creation of a record of lawful admission for permanent residence pursuant to the provisions of section 249 of the Immigration and Nationality Act. The respondent's several departures as an alien crewman since his original entry in 1945 have not been under an order and warrant of deportation. This factor distinguishes the case before us from the decision of the Assistant Commissioner in the case of *S—J—S—*, 8 I. & N. Dec. 463. Cf. *Roggenbihl* v. *Lusby et al.*, *The Malden*, 116 Fed. Supp. 315, 318 (U.S.D.C. Mass., 1953).

ORDER: It is directed that the alien's application for the creation of a record of lawful admission for permanent residence pursuant to the provisions of section 249 of the Immigration and Nationality Act be and the same is hereby granted.

*It is further directed* that the order entered by the special inquiry officer on June 17, 1966 be and the same is hereby withdrawn.