## MATTER OF HARRISON

### In Section 249 Proceedings

### A–18356268

*Decided by District Director March 11, 1970*

Applicant, who has resided continuously in the United States since entry in 1915 except for an absence of 3 years and 5 months while serving in the Canadian Armed Forces during World War II, did not by such absence break the continuity of residence for the purpose of section 249, Immigration and Nationality Act, as amended, since there is no evidence he ever intended to abandon his residence in the United States, not having established a residence in another country during such absence, having maintained a mailing address in this country where he resided prior and subsequent to service in the Canadian Army, and having returned to the United States immediately upon discharge from the Canadian Army.

ON BEHALF OF APPLICANT:   Ben C. Shapero, Esquire

Dr. Simon Harrison was born in Canada on October 5, 1912. He claims that he first entered the United States on August 16, 1915, in the company of his father, mother, two brothers and sister. (This is verified by form I–404 on file, which also reflects that the children, including subject, were admitted as United States citizens.) The applicant claims that he has traveled to Canada on numerous occasions since entry, but has stayed no more than a few days on each visit, except for an extended absence while serving in the Canadian Armed Forces during the Second World War. He has apparently gained readmission on each occasion through claim to United States citizenship.

He advised that until recently he had presumed that he was a citizen of the United States through his father's naturalization on June 27, 1927. The file indicates that he would have derived citizenship through this act had he been lawfully admitted to the United States for permanent residence in 1915, rather than erroneously admitted as a United States citizen.

The applicant claims that at the start of United States involvement in the Second World War he applied for a commission in the United States Army based on his profession as a dentist. He

allegedly was unsuccessful since in order for a dentist to qualify for a commission he had to first be approved by a three man Dental Association Board. At that time the association was active in supporting proposed legislation to outlaw the practices of persons known as "Advertising Dentists." Dr. Harrison claims that he had worked for such a dentist for a short period of time and was, therefore, looked on with disfavor by the board. He was advised by the Selective Service that lacking the board's approval he could not be accepted for a commission but instead likely would be drafted as a private at a later date. (He was classified A-3 at that time.)

Dr. Harrison stated that a short time later, while on a visit to London, Ontario, Canada, he decided to check on the possibility of securing a commission in the Canadian Army. After some consultation the Canadian authorities agreed to accept him as an officer. He claims that prior to receiving his commission he inquired of the Canadian officials if there was any chance of losing his United States citizenship through service in their army. He allegedly was assured that so long as he did not take an oath of allegiance to the British Crown he would retain his citizenship. His claim concerning this matter is supported by a letter from the Department of Veterans Affairs stating that they have no record of his taking the oath and a letter from the Canadian Department of National Defence certifying that he did not take the oath. A certified copy of Statement of Service in the Canadian Armed Forces on file reflects that Dr. Harrison was inducted into the Canadian Army at London, Ontario, Canada, on September 29, 1942. He served in the theatres of Canada, Britain, Central Mediterranean and Northwest Europe, and was honorably discharged with the rank of captain on February 23, 1946.

Since the applicant was not in fact a citizen of the United States at the time of his service in the Canadian Army, the above claims concerning the oath of allegiance were presented for whatever consideration warranted in support of his contention that he has had a continuous residence in the United States since prior to July 1, 1924, notwithstanding his absence of three years and five months during World War II.

The record reflects that the applicant has resided continuously in the United States since entry in 1915 except for the above-mentioned period of time. There is no evidence that he established any residence in another country during this period. By contrast there is ample evidence that he intended to, and in fact did, return to the United States immediately upon discharge from

the Canadian Army. While in the army he maintained a United States mailing address at the home of his father and brother, where he resided both prior and subsequent to his service in the army.

There is no evidence that the applicant ever intended to abandon his residence in the United States and since it appears that he is otherwise eligible, it is concluded that his absence during service in the Armed Forces of Canada should be considered temporary and the application approved as requested.

**ORDER:** It is ordered that the application for creation of record of lawful admission for permanent residence under the provisions of section 249 of the Immigration and Nationality Act, as amended, be granted.