## MATTER OF JALIL

### In Section 249 Proceedings

#### A-28399796

*Decided by Commissioner June 13, 1988*

(1) For the purposes of a section 249 application for creation of record of admission, continuous residence is interrupted when an individual establishes an actual abode abroad, whether or not that individual maintains financial, property, and personal ties in the United States and asserts an intent to continue residence.

(2) It is the nature of the circumstances of the departure(s) which determines an interruption of continuous residence, not the number or duration of departures from the United States.

ON BEHALF OF APPLICANT:  Mark A. Mancini, Esquire
Wasserman, Mancini & Chang
1724 H Street, N.W., 2nd Floor
Washington, D.C. 20006

The application was denied by the district director, Baltimore, Maryland, and has been certified to the Commissioner for review. The decision of the district director will be affirmed.

The applicant is a native of India and a citizen of Bangladesh. She claims to have entered the United States on June 14, 1971, under the "G-4" nonimmigrant classification, as the spouse of an international organization employee. She claims to have resided in the United States continuously since that date. The district director found that a 3-year period of employment in Zambia from July 1977 until June 1980 broke her continuity of residence for adjustment of status under section 249 of the Immigration and Nationality Act, 8 U.S.C. § 1259 (Supp. IV 1986).

Section 249 of the Act provides that a record of lawful admission for permanent residence may, in the discretion of the Attorney General, be made if an alien entered the United States prior to January 1, 1972, and has resided continuously in the United States since such an entry.

On appeal, counsel for the applicant asserts that the district director erred in his interpretation of *Matter of Outin*, 14 I&N Dec. 6 (BIA 1972), by holding to a standard requiring physical presence

rather than a standard of residence as set forth in *Matter of Young*, 11 I&N Dec. 38 (BIA 1965), and *Matter of Graham*, 11 I&N Dec. 234 (BIA 1965). Counsel further argues since the applicant has not abandoned her principal place of abode in the United States, the multiple departures cited by the district director are not material.

Counsel concludes by stating that the preponderance of evidence clearly shows the applicant maintained business connections, a home, financial interests, and personal property in the United States. *See Matter of Lee*, 11 I&N Dec. 34 (BIA 1965). This application, it is argued, is indistinguishable from that of *Matter of Harrison*, 13 I&N Dec. 540 (D.D. 1970), and must be found in favor of the applicant.

The record is insufficient to establish by clear evidence that the applicant entered the United States in June 1971. The evidence which is in the record consists of secondary, unsupported, and nonspecific statements from three parties. Although this is a fundamental issue of this application, it need not be resolved at this time since the applicant is otherwise ineligible for the status sought.

The central issue in contention on this certification is the question of "residence" as defined by statute and interpreted in case law. That term is defined at section 101(a)(33) of the Act, 8 U.S.C. § 1101(a)(33) (1982), as follows:

The term "residence" means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent.

Counsel is correct in his argument that physical presence in the United States, uninterrupted by short journeys abroad, is not required to maintain residence. This is clearly established by cited case law. However, counsel has misinterpreted *Matter of Harrison, supra*. The issue defined by this decision, as well as by *Matter of Ting*, 11 I&N Dec. 849 (BIA 1966), and *Matter of Outin, supra*, is that of abode, *i.e.*, actual dwelling place.

Harrison, believing himself to be a United States citizen, remained outside the United States for over 3 years while serving in the Canadian Army. Ting departed the United States repeatedly for brief periods while serving on United States flag vessels. Similarly, Outin briefly departed the United States numerous times while serving on foreign flag vessels. The issue in these cases was not the length nor number of departures, but the nature of the circumstances of the applicants' trips outside of the United States. In each case, it was found the applicant had never established, *even for a brief moment*, an actual place of abode outside the United States.

Such is not the case in this application. It is clear the applicant actually dwelled outside the United States. Her home in Maryland is not where she dwelled. In fact, she was in Zambia. The mere maintenance of assets in the United States, where she did not live, may not be equated with "dwelling place in fact."

Counsel argues at considerable length, and presents clear evidence, that the applicant retained property and financial equities in the United States. However, there are few significant distinctions between the circumstances of the applicant's stay in the United States and her stay in Zambia. In each instance, she lived, worked, and cared for her family. In each instance, she availed herself of the privileges and obligations of her position and those of the political and social environment. She may well have intended to return to the United States; however, residence is established regardless of intent and in this case it is clear the applicant resided in Zambia from July 1977 until July 1980.

The mere maintenance of financial interests, retention of a house, furniture, and clothing in the United States, and the intention to return at a later time are not sufficient to continue residence in the United States. The applicant in this instance has clearly resided abroad and has not met the statutory requirement to have continuously resided in the United States since January 1, 1972. Accordingly, the decision of the district director is affirmed.

**ORDER:** The decision of the district director is affirmed, and the application is denied.