**Idelfonso MANZO–FONTES, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 93–70838.

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 1995 *.

Decided April 26, 1995.

---

\* The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34–4.

Nancy–Jo Merritt, Bryan Cave, Phoenix, AZ, for petitioner.

Allen M. Hausman, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: NORRIS, WIGGINS, and FERNANDEZ, Circuit Judges.

WIGGINS, Circuit Judge:

## OVERVIEW

Idelfonso Manzo–Fontes was found deportable by an Immigration Judge ("IJ"). He sought relief from deportation under section 249 of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1259. The IJ concluded that Manzo–Fontes was statutorily ineligible for relief because he had not "resided in the United States continuously" since his entry in 1968. The Board of Immigration Appeals ("BIA") affirmed, and Manzo–Fontes appeals. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we affirm.

## FACTS

Idelfonso Manzo–Fontes was born in Cananea, Mexico, in 1959. He entered the United States as a child in 1968 and has lived with his aunt in Tacna, Arizona, since then. He attended school in the United States, participated in sports, joined a volunteer fire department, and attended a Catholic church in his community. Prior to 1986, Manzo–Fontes went to Mexico occasionally for brief family visits. In April 1986, Manzo–Fontes attended an interview in Mexico with an American consular official regarding his application for permanent resident status in the United States. During the interview, Manzo–Fontes admitted that his marriage the previous year was solely for the purpose of gaining residency, and he withdrew his application. The consular official told Manzo–Fontes to "start [the application process] all over in a year."

Following the interview, Manzo–Fontes remained in Mexico with his mother until May 1987. He was intermittently employed during that time and he paid taxes in Mexico. He stated that during this period, however, he considered Arizona to be his home and that he intended to return there. He does not speak Spanish well, and he did not receive any mail, get a Mexican driver's license, or open a bank account while in Mexico. Most of his possessions remained with his aunt and sister in the United States.

In 1989, Manzo–Fontes was charged with being deportable for entering the United States without inspection, and with being excludable because he lacked proper immigration documents. At his deportation hearing, Manzo–Fontes conceded his deportability. He applied for relief from deportation under section 249 of the Act, 8 U.S.C. § 1259.[1] The IJ concluded that Manzo–Fontes was statutorily ineligible for relief under section 249 because Manzo–Fontes had not "resided in the United States continuously" since his entry. Specifically, the IJ found that Manzo–Fontes' "residence during the 1986–87 period was in Mexico."

The BIA reviewed only the IJ's determination that Manzo–Fontes' residency was discontinuous. The BIA stated that regardless of Manzo–Fontes' intent to return to the United States, he "clearly resided in Mexico [from April 1986 to May 1987] and therefore he has failed to satisfy the statutory requirement of continuous residence." Accordingly, the BIA affirmed the IJ's denial of relief under section 249 and dismissed Manzo–Fontes' appeal.

## DISCUSSION

### I. STANDARD OF REVIEW

This court has not previously determined the proper standard of review for a denial of registry under section 249. Section 249 gives the Attorney General discretionary authority to create a record of lawful admission for permanent residence, but only if the alien first satisfies certain statutory requirements. 8 U.S.C. § 1259. Under analogous statutory sections, this court's review depends upon the basis for the agency's decision. If the agency determines that the alien is statutorily eligible for relief, but denies such relief as a matter of discretion, we review that denial for an abuse of discretion. *See, e.g., Rashta-*

*badi v. INS,* 23 F.3d 1562, 1566 (9th Cir. 1994) (relief under sections 244 and 245); *Casem v. INS,* 8 F.3d 700, 702 (9th Cir.1993) (relief under section 241); *see also Palmer v. INS,* 4 F.3d 482, 487 (7th Cir.1993) ("[w]e review the BIA's decisions to deny discretionary relief [under sections 245 and 249] for abuse of discretion").

By contrast, if the agency denies relief because it determines that the alien is statutorily ineligible for relief, we generally review the agency's determination for substantial evidence. *See, e.g., Braun v. INS,* 992 F.2d 1016, 1018 (9th Cir.1993) (section 241(f)); *Mabugat v. INS,* 937 F.2d 426, 431 (9th Cir.1991) (section 244(e)); *Estrada–Posadas v. INS,* 924 F.2d 916, 918 (9th Cir. 1991) (section 208); *Hernandez–Luis v. INS,* 869 F.2d 496, 498 (9th Cir.1989) (section 244(a)); *Lee v. INS,* 541 F.2d 1383, 1384–85 (9th Cir.1976) (section 245).[2] The Supreme Court recently approved of "substantial evidence" review of the agency's eligibility determination under section 208 of the Act. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (reviewing court must ensure that agency's eligibility determination is supported by "'reasonable, substantial, and probative evidence'") (quoting 8 U.S.C. § 1105a(a)(4)).

■ We believe that the appropriate standard of review for denials of section 249 relief should also depend on the basis for the denial. We therefore hold that where, as here, the agency's denial of an alien's application for registry under section 249 is based on the agency's conclusion that the alien is statutorily ineligible for registry, we review the agency's decision to ensure that it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *See Elias–Zacarias,* 502 U.S. at 481, 112 S.Ct. at 815 (quoting 8 U.S.C. § 1105a(a)(4)).

1. Section 249 allows the agency to create a "record of lawful admission for permanent residence" for an otherwise deportable alien. Manzo–Fontes also applied for voluntary departure under section 244 of the Act, 8 U.S.C. § 1254(e). His application for voluntary departure was granted and is not contested on appeal.

2. If the agency's eligibility finding rests on a purely legal interpretation of the statute, however, our review is *de novo. See Abedini v. INS,* 971 F.2d 188, 190–91 (9th Cir.1992); *Salehpour v. INS,* 761 F.2d 1442, 1444–45 (9th Cir.1985).

## II. SUBSTANTIAL EVIDENCE SUPPORTS THE AGENCY'S DENIAL OF RELIEF

 Relief from deportation under section 249 requires the applicant to show, *inter alia,* that he "has had his residence in the United States continuously since [his] entry." 8 U.S.C. § 1259(b). A person's "residence" is defined as "his principal, actual dwelling place in fact, without regard to intent." 8 U.S.C. § 1101(a)(33). The agency concluded that Manzo–Fontes' 13–month stay in Mexico in 1986–87 rendered his residency in the United States "discontinuous." Evidence to support that finding includes the length of Manzo–Fontes' stay, his employment while in Mexico, and the fact that he paid taxes in Mexico.

Although there is very little case law to provide guidance on what constitutes "continuous residence," the agency has issued administrative decisions that discuss the issue. This court accords "considerable deference" to the agency's interpretation of terms in the Act. *Mendoza v. INS,* 16 F.3d 335, 337 (9th Cir.1994).

On one hand, the agency has stated that "residence" for purposes of section 249 does not mean mere "physical presence." *In re Jalil,* 19 I. & N. Dec. 679, 1988 WL 235427, 1988 BIA LEXIS 29, at *3–*4 (B.I.A.1988); *In re Young,* 11 I. & N. Dec. 38, 40, 1965 WL 12218 (B.I.A.1965); *accord Rodriguez–Barajas v. INS,* 992 F.2d 94, 97 (7th Cir.1993) ("Section 249 requires continuous *residence* in the United States, not continuous *presence* here").

On the other hand, the agency has explained that "[t]he mere maintenance of financial interests, retention of a house, furniture, and clothing in the United States, and the intention to return at a later time are not sufficient to continue residence in the United States" for purposes of section 249. *Jalil,* 1988 WL 235427, 1988 BIA LEXIS 29, at *5.

We hold that the facts of Manzo–Fontes' case, considered in light of these principles, provide "reasonable, substantial, and proba-tive evidence" to support the agency's conclusion that Manzo–Fontes did not reside "continuously" in the United States because his "actual dwelling place in fact" from April 1986 to May 1987 was in Mexico. Manzo–Fontes lived in Mexico for 13 months, which is not a trivial length of time; he worked at least intermittently in Mexico during that time; and he undertook the "privileges and obligations" of living in Mexico, *see Jalil,* 1988 WL 235427, 1988 BIA LEXIS 29, at *5, at least to the extent of paying taxes there. Accordingly, the agency's denial of relief under 8 U.S.C. § 1259 is AFFIRMED.