**Nestor Antonio LANATTA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71993.
Agency No. A74–392–586.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 20, 2003.

Bita L. Hoffman, San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Executive Office of Immigration Review, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Deborah N. Misir, Esq., Office of Immigration Litigation, Civil Division, Department of Justice, Richard M. Evans, Esq., Emily A. Radford, Attorney, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Nestor Antonio Lanatta, a native and citizen of Argentina, petitions for review of the Board of Immigration Appeals' order

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

affirming the immigration judge's ("IJ") denial of Lanatta's registry application pursuant to 8 U.S.C. § 1259. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the IJ concluded that Lanatta was statutorily ineligible, we review for substantial evidence. *See Manzo–Fontes v. INS,* 53 F.3d 280, 282 (9th Cir.1995). We deny the petition for review.

Because the testimony and evidence in the record does not compel the contrary result, substantial evidence supports the IJ's finding that Lanatta did not demonstrate continuous residency in the United States since January 1, 1972. *Id.* at 283; *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Therefore, the IJ properly denied his request for adjustment of status. *See Manzo–Fontes,* 53 F.3d at 28.

We have jurisdiction over Lanatta's ineffective assistance of counsel contention raised for the first time on appeal. *See Dearinger ex rel. Volkova v. Reno,* 232 F.3d 1042, 1045 n. 4 (9th Cir.2000) (failure to raise an ineffective assistance of counsel claim before the BIA does not bar this court from having jurisdiction). However, Lanatta's ineffective assistance of counsel contention fails because he did not fulfill any of the procedural requirements established by *Matter of Lozada. See Iturribarria v. I.N.S.,* 321 F.3d 889, 900 (9th Cir.2003).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.