Antonio OROZCO–MENDOZA,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–74143.

Agency No. A75–106–648.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 19, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Andrew T. Chan, Seattle, WA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, WWS–District Counsel, Seattle, WA, Ernesto H, Molina, Jr., Anthony C. Payne, Washington, DC, for Respondent.

Before O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

MEMORANDUM**

Antonio Orozco–Mendoza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's order finding him removable and denying his applications for registry and adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition for review in part, and dismiss it in part.

██ The BIA's decision states that Orozco was ordered removed for being "[p]resent without being admitted or paroled." The government's argument that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

we lack jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C) therefore fails. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1253 (9th Cir.2003) ("That section precludes judicial review only when an alien is actually determined to be removable and ordered removed on the basis of a covered criminal act.").

█ Reviewing for substantial evidence, *see Manzo–Fontes v. INS,* 53 F.3d 280, 282 (9th Cir.1995), we conclude that the record supports the BIA's determination that Orozco is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). The government contends that Orozco was convicted twice of marijuana possession in Harris County, Texas, in 1983 and 1993. Orozco admitted the former conviction, and testified that he continued to use an alias and a false date of birth, both of which match the 1993 conviction record as well as a criminal information from Utah acknowledged by Orozco. Moreover, Orozco testified that he was convicted of an offense in Harris County in 1993, details of which he does not remember.

The possession of marijuana convictions establish that Orozco is inadmissible, and therefore ineligible for registry or adjustment of status. *See* 8 U.S.C. §§ 1259 (requiring an alien applying for registry to "satisfy the Attorney General that he is not inadmissible"), 1255(a)(2) (requiring admissibility to the United States for permanent residence as a prerequisite to adjustment of status); *Angulo–Dominguez v. Ashcroft,* 290 F.3d 1147, 1150 (9th Cir. 2002).

█ Orozco contends that prior counsel was ineffective, but has not exhausted this claim as required. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000).

Nor has Orozco exhausted his claims about translation or the INS's allegedly late introduction of the certified 1993 conviction record. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is mandatory and jurisdictional). We therefore dismiss these aspects of the petition for review.

█ In his reply brief, Orozco asks us to stay our mandate so that he may file a motion to reopen. As this issue was not raised in Orozco's opening brief, we deem it waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**