**Jose De Jesus AVELAR INIGUEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73488.
Agency No. A75–490–611.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Jose De Jesus Avelar Iniguez, La Habra, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Jose de Jesus Avelar Iniguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") order denying his request for registry. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's conclusion that Avelar was statutorily ineligible for registry. *See Manzo–Fontes v. INS*, 53 F.3d 280, 282 (9th Cir.1995). We deny the petition for review.

The testimony and evidence in the record do not compel the conclusion that Avelar had continuous residency in the United States since January 1, 1972. *See id.* at 283; *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Accordingly, the IJ's determination is supported by substantial evidence.

Avelar's contention that the BIA's streamlining decision violated his right to due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Avelar's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of nonopposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

