**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRIQUE ALCALA PEREZ, | No. 08-73256 |
| Petitioner, | Agency Nos. A079-587-556 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2012[**]
Pasadena, California

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and SINGLETON,
Senior District Judge.[***]

Petitioner Enrique Alcala-Perez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court for Alaska, sitting by designation.

from an immigration judge's ("IJ") decision denying his application for registry pursuant to 8 U.S.C. § 1259. We deny the petition for review.

1.    Alcala-Perez's admission of the charge in the Notice to Appear that he entered the United States on September 12, 1971 does not establish his date of entry for the purpose of his eligibility for registry. At the removal proceeding, both the government and the IJ explained to Alcala-Perez that the date of his entry was subject to dispute and that he needed to produce documents affirmatively establishing that date to qualify for registry. *Cf. Hakopian v. Mukasey*, 551 F.3d 843, 847 (9th Cir. 2008) ("[A]t no point—either before or during Hakopian's hearing—did the government move to amend its Notice to Appear with respect to, or otherwise contest, Hakopian's stated date of entry.").

2.    The IJ's refusal to order the government to produce files related to Alcala-Perez's earlier amnesty application did not deprive Alcala-Perez of "a reasonable opportunity to present evidence on his behalf." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). Despite the government's assurances that the files could be obtained via a Freedom of Information Act ("FOIA") request, Alcala-Perez's counsel never established that he made such a request. In light of Alcala-Perez's failure to use the established FOIA procedure to obtain the documents, it was reasonable for the IJ to refuse to order the government to produce them.

**3.** Substantial evidence supports the decisions of the IJ and the BIA that Alcala-Perez did not establish that he entered the United States before January 1, 1972. *See Manzo-Fontes v. INS*, 53 F.3d 280, 282 (9th Cir. 1995). Alcala-Perez's own testimony about his date of entry and his early activities in the United States was internally contradictory. Further, Alcala-Perez testified that he rented an apartment from Marina Gentil when he first moved to the United States in 1971, but Gentil's affidavit asserted that Alcala-Perez rented from her between 1972 and 1973.

**PETITION DENIED**.