**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RAFAEL CARRASCO-IBARRA, | No. 15-73012 |
| Petitioner, | Agency No. A019-982-046 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM\* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2018
San Francisco, California

Before:  D.W. NELSON, W. FLETCHER, and FISHER, Circuit Judges.

Rafael Carrasco-Ibarra ("Petitioner"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his

appeal of an Immigration Judge's ("IJ") decision finding him inadmissible and

statutorily ineligible for Registry under section 249 of the Immigration and

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Nationality Act ("Act"), 8 U.S.C. § 1259 ("Registry"). The BIA found Petitioner ineligible under 8 U.S.C. § 1182(a)(6)(E) due to "alien smuggling," and also found that Petitioner failed to meet his burden of establishing the requisite continuous residence in the United States since his initial entry around 1966. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review for substantial evidence whether a petitioner is statutorily eligible for Registry. *Manzo-Fontes v. INS*, 53 F.3d 280, 282 (9th Cir. 1995). We uphold the BIA's findings if the decision is "supported by reasonable, substantial and probative evidence on the record considered as a whole." *Id.* (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). Reversal is only appropriate if "the evidence in the record compels a reasonable factfinder to conclude that the [BIA's] decision is incorrect." *Zhao v. Mukasey,* 540 F.3d 1027, 1029 (9th Cir. 2008).

Petitioner is statutorily ineligible for Registry because he is a "smuggler[] of aliens" under the statute, and he does not qualify for the family unity waiver under 8 U.S.C. § 1182(d)(11). Petitioner admitted to paying a smuggler to bring his wife and children to the United States. Petitioner's wife and five of his six children had no immigration status at their time of entry. Despite this, Petitioner argues that he is eligible for Registry because: (1) he does not constitute a barred "smuggler" as intended by the statute, (2) the statute requires that disqualifying smuggling

2

offenses be committed within a reasonable period of time, and (3) his smuggling offense is subject to the family unity waiver. We conclude that each of these arguments is precluded by the plain language of the Registry statute.

"In attempting to determine the meaning of a statute, 'we look first to the plain meaning . . . and give effect to that meaning where fairly possible.' " *Gomez–Lopez v. Ashcroft,* 393 F.3d 882, 885 (9th Cir. 2005) (quoting *Lagandaon v. Ashcroft,* 383 F.3d 983, 987 (9th Cir. 2004)). The Registry statute provides in relevant part:

> A record of lawful admission for permanent residence may, in the discretion of the Attorney General and under such regulations as he may prescribe, be made in the case of any alien . . . and such alien shall satisfy the Attorney General that he is not inadmissible under section 212 (a)(3)(E) or under section 212 (a) insofar as it relates to criminals, procurers and other immoral persons, subversives, violators of the narcotic laws or *smugglers of aliens*, and he establishes that . . .

8 U.S.C. § 1259 (emphasis added).

Section 212(a), 8 U.S.C. § 1182(a), "as it relates to . . . smugglers of aliens," provides in relevant part:

> (E) Smugglers.
>
> (i) In general. Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible.
> (ii) Special rule in the case of family reunification. . . .
> (iii) Waiver authorized. For provision authorizing *waiver of clause (i)*, see subsection (d)(11).

3

*Id*. § 1182(a)(6)(E) (emphasis added).

The family unity "waiver of clause (i)" under § 1182(d)(11) provides in relevant part:

> The Attorney General may . . . waive application of clause (i) of subsection (a)(6)(E) in the case of any alien lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of removal, and who is otherwise admissible to the United States as a returning resident under section 1181(b) of this title and in the case of an alien seeking admission or adjustment of status as an immediate relative or immigrant under section 1153(a) of this title (other than paragraph (4) thereof), if the alien has encouraged, induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

The language of the Registry statute expressly incorporates section 212(a)'s "[s]mugglers" definition under section 249 of the Act. *See id*. § 1259 ("under section 212 (a) insofar as it relates to . . . smugglers of aliens"). This definition provides that "any alien who at any time . . . aided any other alien to enter . . . the United States . . . is inadmissible" under Registry. *Id*. § 1182(a)(6)(E). Petitioner does not dispute that his actions fall under this definition. The statute's language "at any time" makes clear that, contrary to Petitioner's contention, the illegal smuggling acts do not have to occur within a reasonable period of time to preclude admissibility under Registry.

4

Petitioner recognizes that he does not qualify for the special rule for family reunification. He argues, instead, that he qualifies for the family unity waiver under § 1182(d)(11). We have considered the applicability of the family unity waiver, explaining that "Congress made clear its intent to permit the waiver for two categories of persons—(1) lawful permanent residents; and (2) those aliens seeking admission or adjustment of status under § 1153(a) (i.e., those seeking a visa as a family-sponsored immigrant)—when it used the phrase "in the case of" before each of the two categories." *Sanchez v. Holder*, 560 F.3d 1028, 1033 (9th Cir. 2009); *see also supra* § 1182(d)(11). Assuming that the question is properly before us, we conclude that Petitioner is not eligible for the family unity waiver. Petitioner belongs to neither category specified in the statute. He is not a legal permanent resident who temporarily proceeded abroad, nor is he seeking admission or adjustment of status under the family visa statute.

Because eligibility for Registry requires both admissibility and continuous residence, *id.* § 1259(b), and because Petitioner has not established admissibility, we need not reach the question whether he has established continuous residence.

**PETITION DENIED.**

5

FILED

MAY 09 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Carrasco-Ibarra v. Sessions,* No. 15-73012

D.W. NELSON, Circuit Judge, concurring, with whom W. FLETCHER and FISHER, Circuit Judges, concur.

I join the disposition of this case because I agree that the plain language of the statute compels this unfortunate result. I write separately to point out the grave injustice to Mr. Carrasco-Ibarra and his family. Mr. Carrasco-Ibarra is a husband, father of six, and grandfather of three. He is now 70 years old and has resided in the United States for approximately 53 years. The only reason Mr. Carrasco-Ibarra is unable to receive relief in this case is because he did what any human being would do in his circumstances: he sought to have his wife and children united with him here in this country. I do not see what the government has to gain by prioritizing removal of longtime residents and grandparents like Mr. Carrasco-Ibarra. The significant harm that results from ripping a family apart is a greater cost than any enforcement benefit in this case. That is why "I concur as a judge, but as a citizen I do not." *Magana Ortiz v. Sessions*, 857 F.3d 966, 968 (9th. Cir. 2017) (Reinhardt, J., concurring).